1  Larry D. Webb Sbn 229344
   Law Office Of Larry Webb
2  484 Mobil; Suite 43
   Camarillo, Ca 93010
3  Phone 805 987 1400
   Email Webblaw@gmail.com
4  Attorney for:
   Wismann Group LLC
5  William Wismann

6

7
                    UNITED STATES DISTRICT COURT
8
                    CENTRAL DISTRICT OF CALIFORNIA
9
                    SOUTHERN DIVISION-SANTA ANA
10

11

12  GENESIS 1 OIL SERVICES LLC, a      CASE NO. 8:20-cv-02114-JLS-ADS
    Delaware limited liability company;  Assigned to:
13                                       Honorable Josephine L. Staton
    TIVOLI REALTY INC, a Texas
14  corporation, d/b/a TIVOLI, INC.; and
    SLINGSHOT PEOPLE, LLC, a             DEFENDANTS' REPLY TO
15  California limited liability company  PLAINTIFF'S OPPOSITION TO
                                         DEFENDANTS' MOTION TO
16                                       DISMISS PLAINTIFFS' FIRST
                                         AMENDED COMPLAINT; MOTION
17           VS                          TO STRIKE AND MEMORANDUM OF
                                         POINTS AND AUTHORITIES IN
18                                       SUPPORT; DECLARATIONS OF
    WISMANN GROUP, LLC, a California     WILLIAM WISMANN, REBECCA
19  LLC; WILLIAM WISMANN, an             WISMANN, GUY LEVY IN SUPPORT
    individual
20
                                         Date:          May 28, 2021
21                                       Time:          10:30 a.m.
                                         Courtroom:     10A
22

23

24

25
            TO THE HONORABLE JOSEPHINE L. STATON, UNITED
26

27  Reply to opposition to  Rule 12(b)(6) MOTION TO DISMISS
28                          - 1 -

STATES DISTRICT COURT JUDGE, PLAINTIFFS AND ANY INTERESTED PARTY, Defendants respectfully submit their Reply Brief to Plaintiff's opposition

## I.      INTRODUCTION

1.      Defendants Wismann Group LLC and William Wismann maintain that William Wismann has no individual liability for the allegations of the plaintiff's first amended complaint.  Only Wismann Group LLC is a party to the instrument titled "Oil Field/Pipeline Cleaning Services Contract" (the "Contract") signed on 09-05-2019 by Dr. William Wismann owner of Wismann Group LLC; Jimmy Smith, Partner Slingshot People; and Susan Adelman President of Tivoli, Inc.

2.      The Court's preliminary injunction issued on March 23, 2021 concluded that plaintiffs can likely demonstrate misappropriation of the "Oil Separation Technology" (OST). The court concluded that plaintiffs can likely demonstrate an exclusive license for the OST under the Oil Services Contract.  The preliminary injunction comes early in the litigation process.  Discovery is not complete. The enjoined is not required to prove his case in full.  The preliminary injunction is not a final finding on the merits.

The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary-injunction hearing. *Progress Development Corp. v. Mitchell*, 286 F.2d 222 (C.A.7 1961), and the findings of fact and conclusions of law made by a court granting a preliminary injunction are not

binding at trial on the merits, *Citations omitted.*  In light of these considerations, it is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits. *Citations omitted University of Texas v. Camenisch* (1981) 451 U.S. 390, 395

3.     Defendants will answer the complaint and file a counterclaim. Discovery has just begun.  Declarations offered in support of Plaintiffs preliminary injunction will be tested against discoverable evidence.  The veracity of the declarants will be tested by examination.  A preliminary injunction is an interlocutory order issued before the court has a chance to hear the full case. It is not a summary judgment; it is temporary and provisional to preserve the status quo.

4.     Reply briefs may properly address issues raised in the opposition. Defendants offer rebuttal evidence to provide context and complete the testimony in order to demonstrate how Plaintiffs have proffered evidence that is misleading in their opposition.  [E]vidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief. *Applied Materials, Inc. v. Demaray LLC* (N.D. Cal., Dec. 16, 2020, No. 5:20-CV-05676-EJD) 2020 WL 8515132, at *1

5.     The evidence presented by this reply brief is offered to rebut factual contentions raised in opposition to defendants' motion.  Defendants assert that the evidence presented here is not new in the sense it was unknown to plaintiffs at the time they filed their opposition.  All the declarations and exhibits proffered in support of this reply brief comes from communications with the plaintiffs, communications that contradict their contentions in the opposition and the first amended complaint.  Defendants' privilege log cataloging some three thousand

1  email communications had been delivered to the plaintiffs prior to the filing of
2  their opposition papers.  This reply offers the same legal argument as the motion to
3  dismiss.  The facts presented by this Reply are facts known to the Plaintiffs, and
4  apparently ignored in their pleadings.

5     6.    Evidence submitted in support of a reply brief is proper if
6  it rebuts arguments or exhibits proffered in opposition to the motion. *Dubinsky, V.*
7  *Liberty Surplus Insurance Corporation* (C.D. Cal., June 15, 2010, No.
8  CV0806744MMMSHX) 2010 WL 11506086, at *5.

9     7.    The court has discretion to allow a sur-reply.

10    It thus appears that defendants did not adduce new evidence for the first time
11    in reply. Their moving papers and reply assert the same legal arguments, and
12    the additional evidence was supplied solely to rebut factual allegations
13    offered by plaintiff in his opposition. To ensure that it has a full record
14    before it decides defendants' motion for summary judgment, however, the
15    court exercises its discretion to allow Burke to file a sur-reply. See Ca CD
16    L.R. 7–10 (permitting a party a file a response to a reply on written order of
17    the court). *Burke v. City of Santa Monica* (C.D. Cal., Nov. 2, 2010, No.
18    CV0902259MMMPLAX) 2010 WL 11549357, at *3

19                II.    ARGUMENT

20    8.    Plaintiffs rely heavily on the preliminary findings supporting the
21  preliminary injunction.  There is no dispute that the OST is a trade secret.  There is
22  no dispute that the OST is enforceable by a licensee.  There is a dispute regarding
23  the terms of contract and the terms of the license.

24    9.    The court concluded in the Order entering Preliminary Injunction  that
25  pursuant to the  Oil Services Contract exclusive license term, the Plaintiffs will

26

27

28

likely prove they own a trade secret interest in the OST.  The Court did not define the duration, scope, or field of use terms of the trade secret interest.

## A. TIVOLI INC. DID NOT HAVE STANDING TO BRING SUIT

10.     Plaintiffs' opposition introduces new evidence that Tivoli Realty Inc. filed a Fictitious Business Name Statement on January 25, 2021.  See Plaintiffs' Opposition Docket 53-1 page 2-2. Publication was filed on March 10, 2021.  The contract at issue in this dispute was sighed on 09-05-2019.  The First Amended complaint was filed on 12-29-2020.  Under California Law:

> No person transacting business under a fictitious business name contrary to the provisions of this chapter, or his assignee, may maintain any action upon or on account of any contract made, or transaction had, in the fictitious business name in any court of this state until the fictitious business name statement has been executed, filed, and published as required by this chapter. For the purposes of this section, the failure to comply with subdivision (b) of Section 17917 does not constitute transacting business contrary to the provisions of this chapter. Bus. & Prof. Code, § 17918

11.     Plaintiffs argue that filing the fictious business name pending trial is sufficient, <u>Law Revision Comments</u> "Lack of compliance merely abates the action; filing and publication pending trial is sufficient". *Rudneck v. Southern Calif. Metal & Rubber Co.*, 184 Cal. 274, 193 P. 775 (1920).  However more recently courts have held that the words mean what the words say.  "No person transacting business under a fictitious business name contrary to the provisions of this chapter, or his assignee, may maintain any action upon or on account of any contract made, or transaction had, in the fictitious business name in any court of this state until the fictitious business name statement has been executed, filed, and published as required by this chapter." *Opp v. St. Paul Fire & Marine Ins.*

1 *Co.* (2007) 154 Cal.App.4th 71, 75

2    12.    Accordingly, by Plaintiff's admissions Tivoli Realty Inc d.b.a Tivoli

3 Inc. did not have capacity to sue on 12-29-2020 when the First Amended

4 Complaint was filed.

5    13.    Defendants must plead or otherwise respond within 14 days after

6 service of the amended complaint. FRCP 15(a)(3).  The FAC was filed on 12-29-

7 2020, Defendant's response was due 01-12-2021, Defendants filed their second

8 motion to dismiss on 01-11-2021.  Plaintiffs Fictitious Business Name was filed 13

9 days after Defendant's time to respond.  Defendants had no way to verify by public

10 records the identity of "Tivoli Inc."

11    B. ALTER EGO

12    14.    In California, two conditions must be met before the alter ego doctrine

13 will be invoked. First, there must be such a unity of interest and ownership

14 between the corporation and its equitable owner that the separate personalities of

15 the corporation and the shareholder do not in reality exist. Second, there must be

16 an inequitable result if the acts in question are treated as those of the corporation

17 alone. *Sonora Diamond Corp. v. Superior Court* (2000) 83 Cal.App.4th 523, 538

18 [99 Cal.Rptr.2d 824]

19    15.    Plaintiffs' opposition to the defendants' motion to dismiss raises the

20 following argument against Defendants' motion to dismiss as follows:

21    Wismann is an individual that dominated WG and is its alter ego. a)

22    Wismann's residence is the same as the business address for WG: 5166

23    Corte Vistora, Camarillo, California. b) Wismann identifies himself as the

24    75% owner of WG, with only two other members (one of whom is his

25    daughter) combining to own the remaining 25% of WG. On information and

26

27

28

1    belief, c) WG is inadequately capitalized and Wismann has co-mingled the

2    finances of WG with his personal finances, has used WG funds as his

3    personal funds, and d) has ignored corporate formalities required for WG.

4    See Plaintiffs memorandum Docket 53 page 11.

5        16.    Plaintiffs proffered the foregoing allegations as evidence in opposition

6    and Defendants rebut as follows.

7                        a)    WG LLC Business Address

8        17.    Plaintiffs in their opposition to the motion to dismiss incorrectly state

9    that Wismann Group LLC uses the same address as William Wismann.  This is not

10   true. As stated in Defendant's motion, the Wismann Group LLC business address

11   is 2380 Eastman Avenue, Oxnard California; William Wismann' s  home address

12   is 5166 Corte Vistora, Camarillo California.  Exhibit 3 to Defendants Motion to

13   dismiss, Docket 39 at page 36.

14       18.    Plaintiffs knew that WG leased and built out the laboratory at 2380

15   Eastman Ave.  On October 24, 2019 Egypt McKee (Slingshot LLC) sent an email

16   to Guy Levy (WG).  See Exhibit 4, page 15.

17       19.    The allegation that WG has the same address as William Wismann is

18   not true.

19                        b)    Ownership Interests

20       20.    As to the unity of interest and ownership there are three members of

21   WG LLC, William Wismann, Rebecca Wismann and Guy Levy.  Rebecca

22   Wismann is actively involved in the day-to-day management of WG LLC.  In

23   addition to her role in the daily operations of WG, Rebecca owns her own

24   Marketing and design agency business, The Studio WLV.  Rebecca is the

25   Marketing Manager for WG LLC.  The members of WG LLC have a unity

26

27

28

1    agreement where actions taken must be unanimous and each member's vote has

2    equal weight.  See Declarations of William Wismann and Rebecca Wismann at

3    pages 12 and 13.

4         21.    Guy Levy is actively involved in the management of WG LLC.  Guy

5    was the chief operation officer (COO) of WG LLC.  See Declaration of Guy Levy

6    page 11.

7         22.    Attached here as Exhibit 5, page 18 is a sample of correspondence

8    from Guy Levy COO to Rebecca Wismann and William Wismann (WG).

9    Attached to the email are notes of the Genesis 1 Planning Meeting September 27,

10   2019, attended by David Martin, Bill Wismann, Guy Levy, Jimmy Smith

11   (Slingshot), Egypt McKee (Slingshot), Bobby Ware, Ed Collins (Amusement

12   Park), Mike Weisman (Amusement Park) and Jerrel Smith (Amusement Park).

13        23.    Attached here as Exhibit 8 page 55 is a sample of correspondence

14   from Guy Levy COO to Egypt McKee (Slingshot LLC) with the minutes of the

15   Genesis 1 Meeting of October 24, 2019.  In attendance were Egypt McKee

16   (Slingshot), Guy Levy (WG), Jimmy Smith (Slingshot), Bobby Ware, Bill

17   Wismann

18        24.    Attached here as Exhibit 9 page 57 is a monthly statement of

19   accounting for WG for September 2019 of accounting prepared by Guy Levy and

20   emailed to Egypt McKee on or about October 6, 2019.

21                        c)    Capitalization

22        25.    In their opposition Plaintiffs allege that Wismann Group LLC and

23   William Wismann are mere alter egos of each other.  In their opposition.

24   allegations have been made that WG LLC is undercapitalized.  In their opposition,

25   allegations have been made that WG LLC has nothing to show for the $322,000.00

26

27

28

1   received from Genesis.  These allegations are simply not true.

2       26.    WG LLC was first registered on April 26, 2017, instrument number

3   201712310377, See Exhibit 7, page 53.  All transactions with the Plaintiffs have

4   been by Wismann Group LLC.

5       27.    WG has provided detailed accounting reports to Genesis.  Plaintiffs'

6   prior attorney, Nick Thomas reviewed and commented upon WG's accounting.

7   See Exhibit 6, page 23.  Exhibit 6 is an email dated June 19, 2020 from attorney

8   Nick Thomas (for Genesis) to Attorney Nicholas Clifford (WG) regarding

9   Thomas's summary review of WG accounting.  Copies of the email were sent to

10  Jimmy Smith (Amusement Park and Slingshot LLC), Ed Collins (Amusement

11  Park), Egypt McKee (Slingshot LLC) Mike Weisman (Amusement Park), and

12  Aron Llanos (Tivoli Inc).  The Plaintiffs knew or should have known that WG

13  LLC is not a mere formality of an entity, rather well establish research and

14  development business with established accounting methods and protocols.

15      28.    WG also provided the plaintiffs with an independent accountant's

16  compilation report dated December 31, 2019.  See Exhibit 6 page 47.  The report is

17  a statement of assets, liabilities and members equity as of December 31, 2019.

18      29.    The plaintiffs knew or should have known that after signing the 09-

19  05-2019 contract and receiving funding WG found and leased commercial property

20  in Oxnard Ca, built out a laboratory, built demonstration equipment, produced the

21  chemical medium, and demonstrated the technology to qualified customers.

22  Project staffing was required to accomplish this.  It is at highly misleading to claim

23  WG provided nothing for the $322,000.00 received from Genesis.  WG provided

24  Genesis with statement of cash flow, expenses, budget, and detailed expenditures

25  for the period 09-06-2019 thru 12-31-2019; and a summary of expenditures for 01-

26  01-2020 thru 4-30-2020.  See Exhibit 6 page 36.

Reply to opposition to  Rule 12(b)(6) MOTION TO DISMISS

27                                          - 9 -

28

III.    CONCLUSION

30.    Tivoli Inc. was not a registered fictious business name when the first amended complaint was filed, and therefore could not maintain the action.

31.    Wismann Group LLC is not the alter ego of William Wismann.

PRAYER

WHEREFORE, Defendants seek the following relief.

1. Lacking capacity to sue, Plaintiff Tivoli Inc. should be dismissed.

2. Defendant William Wismann should be dismissed with prejudice,

3. For other relief as the court may consider.

Date 5/14/2021

Larry Webb
Attorney for  Wismann Group LLC
William Wismann